
CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
JAN - 2 2014
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| CHAUNCEY LEE HOWARD, JR., | ) | Civil Action No. 7:13-cv-00534 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| TODD WATSON, et al., | ) | By: Hon. Jackson L. Kiser |
| Defendants. | ) | Senior United States District Judge |

Chauncey Lee Howard, Jr., a Virginia inmate proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983, naming Todd Watson and other agents of the Virginia Department of Corrections ("VDOC") as defendants. This matter is before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing Plaintiff's submissions, I dismiss the Complaint without prejudice for failing to state a claim upon which relief may be granted.

## I.

On May 1, 2013, correctional staff at the Buckingham Correctional Center ("BCC") questioned Plaintiff about his unauthorized presence in an area of the prison. Plaintiff admitted his guilt and accepted ten days' segregation as punishment. Thereafter, BCC staff required Plaintiff to remain in segregation for fifteen additional days while investigating allegations that Plaintiff fraternized with staff, and Plaintiff was subsequently transferred to Green Rock Correctional Center ("GRCC").

Two days after the transfer, VDOC Special Agent Todd Watson asked Plaintiff for a DNA sample, which Plaintiff refused. In "retaliation" for the refusal, Agent Watson confiscated Plaintiff's toothbrush for DNA analysis and telephoned Plaintiff's wife. Although Plaintiff does not state a specific cause of action, he requests $50,000 in damages.

## II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim."[1] Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

Liberally construing Plaintiff's Complaint, I find that Plaintiff alleges the unlawful confiscation of a toothbrush and unlawful transfers to segregation and GRCC. None of these allegations state a claim upon which relief may be granted.

---

[1] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe a pro se complaint, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

**A.**

The allegation that Agent Watson intentionally deprived Plaintiff of his toothbrush does not state an actionable claim because Plaintiff has meaningful, post-deprivation remedies for the loss. See, e.g., Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt v. Taylor, 451 U.S. 527 (1981) (overruled in irrelevant part by Daniels v. Williams, 474 U.S. 327, 330-31 (1986)). Besides the VDOC's inmate grievance procedures, Plaintiff has a post-deprivation remedy via the Virginia Tort Claims Act ("VTCA"). See VA. CODE § 8.01-195.3; see also Wadhams v. Procunier, 772 F.2d 75, 78 (4th Cir. 1985) (holding the Virginia Tort Claims Act and Virginia tort law provide adequate post-deprivation remedies for torts committed by state employees). "Section 1983 was intended to protect only federal rights guaranteed by federal law, and not tort claims for which there are adequate remedies under state law." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Furthermore, conclusory allegations of retaliation are insufficient to state a claim. Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994). Moreover, Plaintiff fails to describe a privacy interest in the toothbrush. See Jones v. Murray, 962 F.2d 302 (1992) (holding VDOC prisoners have no Fourth Amendment protections from having blood drawn for their DNA to be analyzed for identification for improved law enforcement); VA. CODE § 19.2-310.2(B) (mandating the collection of DNA from every felon before their release from incarceration). Accordingly, Plaintiff's loss of a toothbrush does not implicate a federal right, and the claim must be dismissed.

**B.**

Plaintiff does not have a federal right to avoid or to be placed in a specific custodial classification, and his custodial classifications do not create a major disruption in his environment. Sandin v. Conner, 515 U.S. 472, 486-87 (1995). States may create liberty interests

3

protected by the Due Process Clause where the freedom from restraint imposed "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. . . ." Id. at 484. Plaintiff's placement in segregation or transfer to GRCC does not exceed a sentence in such an extreme way as to give rise to the protection of the Due Process Clause by its own force. See Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997) (holding that administrative segregation for six months with vermin; human waste; flooded toilet; unbearable heat; cold food; dirty clothing, linens, and bedding; longer periods in cell; no outside recreation; no educational or religious services; and less food was not so atypical as to impose significant hardship). Nor does the transfer or security classification constitute an "atypical and significant" hardship in relation to the ordinary incidents of prison life because a prisoner has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification. See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (rejecting a prisoner's argument that a pending warrant and detainer adversely affected his prison classification and qualification for institutional programs because not every state action carrying adverse consequences for prison inmates automatically activates a due process right). Although Plaintiff alleges that staff violated VDOC procedures by not completing a prison confiscation form, the simple fact that a prison official has not complied with the VDOC's independent policies or procedures also does not state a claim. See United States v. Caceres, 440 U.S. 741, 752-55 (1978); Riccio v. Cnty. of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue). Accordingly, Plaintiff's classification and transfers do not implicate a federal right, and the claims must be dismissed.

## III.

For the foregoing reasons, I dismiss the Complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

**ENTER**: This 2nd day of January, 2014.

*/s/ Jackson L. Kiser*
Senior United States District Judge